**William D. BOYNE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3678.**

Supreme Court of Alaska.

Dec. 1, 1978.

R. Samuel Pestinger, Patrick J. McKay, Pettyjohn & Pestinger, Anchorage, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

---

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BURKE, Justice.

Upon his plea of guilty, appellant William D. Boyne was convicted of the crime of burglary not in a dwelling.[1] Under the authority given to it by AS 12.55.085(a),[2] the superior court suspended the imposition of sentence and placed him on probation for a period of five years. As a "special condition" of probation, Boyne was ordered to serve two years in a correctional facility. This appeal followed.

The issue that is now before us is whether the trial court had the authority to impose a term of imprisonment as a condition of probation. We hold that it lacked that authority.

AS 33.05.080(1) defines the term "probation" as follows:

"[P]robation" is a procedure under which a defendant, found guilty of a crime upon [a] verdict or plea, *is released by the superior court* subject to conditions imposed by the court and subject to the supervision of the probation service . .. [Emphasis added.]

The foregoing section is part of the Probation Administration Act. Nowhere does

the act, AS 33.05, provide for the incarceration of a probationer as a condition of probation. Likewise, the relevant provisions of the Code of Criminal Procedure do not specifically authorize confinement as a condition of probation. *See* AS 12.55.080–100. Such being the case, we conclude that the superior court did not have the authority or power to impose such a condition in the case at bar.[3]

As stated by the Supreme Court of Colorado, in *People v. Ledford,* 477 P.2d 374 (Colo.1970):

By its very nature and definition probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation. . .

When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condi-

---

1. AS 11.20.100.

2. AS 12.55.085(a) provides:

   *Suspending imposition of sentence.* (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

3. Several states have enacted legislation which specifically authorizes confinement as a condition of probation. *See People v. Ledford,* 477 P.2d 374, 376 (Colo.1970); *Franklin v. State,*

392 P.2d 552, 557 (Idaho 1964). *See also* 18 U.S.C. § 3651 which specifically permits confinement in alcohol or drug treatment centers as a condition of probation. Cases from such jurisdictions upholding the use of confinement as a condition of probation are therefore clearly distinguishable from the case at bar.

Implicit in our disposition of this appeal is the further conclusion that *Brown v. State,* 559 P.2d 107 (Alaska 1977), *is* distinguishable. *Brown* upheld imposition of a fine as a condition of probation, which is specifically authorized by AS 12.55.100(a)(1). However, our holding in the present case should not be taken to mean that any other condition of probation is invalid unless specifically authorized by statute. In view of the statutory definition of "probation" contained in AS 33.05.080(1), and its obvious conflict with any program requiring confinement, such a reading would be entirely unwarranted.

tion of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its [sic] discretionary power is the authority to impose jail confinement as a condition.

477 P.2d at 375 (citations omitted).

While we recognize that such power may be most beneficial in certain cases, like the court in *Ledford,* we believe that "this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute[s]." 477 P.2d at 376. Accordingly, this matter will be remanded to the superior court for resentencing.[4]

REVERSED and REMANDED.

---

4. We could, instead, simply order the invalid condition stricken from the order of probation. However, we believe that such action would produce a result totally inconsistent with the one intended by the superior court. The record demonstrates that while the court wanted the defendant to have the benefit of an order suspending the imposition of sentence, it also felt there was a strong need for a period of incarceration. Such being the case, the superior court will be allowed to reconsider the matter of sentencing in its entirety. *See State v. Witzel,* 312 P.2d 1044, 1048–49 (Idaho 1957).