**Kermit D. WHITTEMORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5827.**

Court of Appeals of Alaska.

Sept. 3, 1982.

Gary I. Amendola, Sitka, for appellant.

Richard Svobodny, Asst. Dist. Atty., Patrick J. Gullufsen, Dist. Atty., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

PER CURIAM.

Kermit Whittemore appeals from an order of the superior court denying his motion, filed pursuant to Criminal Rule 35, requesting the court to strike a provision of his suspended imposition of sentence that required him to serve two weeks in jail as a special condition of his probation. Whittemore based his motion on the supreme court's decision in *Boyne v. State,* 586 P.2d 1250 (Alaska 1978).

In *Boyne v. State,* the Alaska Supreme Court ruled that, absent express legislative authority, a jail term could not be ordered as a special condition of probation when the defendant received a suspended imposition of sentence. However, after the ruling in *Boyne,* the legislature enacted AS 12.55.086, which authorized jail terms to be imposed as special conditions of probation in cases involving suspended impositions of sentence. The statute took effect on May 2, 1979, some 153 days after the *Boyne* decision.

Subsequently, in *Zurfluh v. State,* 620 P.2d 690 (Alaska 1980), the supreme court held that AS 12.55.086 applied retroactively to cases in which sentencing had occurred in the interim between the decision in *Boyne* and the effective date of AS 12.55.086. Whittemore argues that his case is not covered by *Zurfluh* because his sentencing occurred prior to the supreme court's decision in *Boyne.*

We believe that the logic used by the court in *Zurfluh* to make AS 12.55.086 retroactive applies with equal force to cases in which sentencings occurred prior to the decision in *Boyne* and cases in which sentencing took place after *Boyne* was decided, but before AS 12.55.086 took effect. We can think of no sound reason why the rule of retroactivity announced in *Zurfluh* should be restricted to the 153-day period between the decision in *Boyne* and the effective date of AS 12.55.086.

Accordingly, the superior court's order denying Whittemore's Criminal Rule 35 motion is AFFIRMED.