**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

v.

Lucia **Sablan,**
Defendant/Appellant.
Appeal No. 95-030
Criminal Case No. 94-0034F
November 27, 1996

Submitted on the Briefs January 4, 1996

Counsel for Appellant: Eric S. Basse, Saipan.

Counsel for Appellees: Alan L. Lane, Assistant Attorney
General, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Associate
Justices and SALAS, Special Judge.

ATALIG, Associate Justice:

¶1     ▮▮ Appellant, Lucia Sablan ("Sablan"), appeals the
legality of her sentence for robbery. We have jurisdiction
pursuant to title 1, § 3102 (a) of the Commonwealth Code.
We affirm.

## ISSUE PRESENTED & STANDARD OF REVIEW

¶2     ▮ The issue before us is whether the Superior Court
erred in not suspending Sablan's entire  sentence when it
ordered her to pay restitution pursuant to the terms of 6
CMC § 4113. The legality of a sentence is a question of
law which we review de novo. *United States v. Hahn,* 960
F.2d 903, 907 (9th Cir. 1992).

## FACTS AND PROCEDURAL BACKGROUND

¶3     On March 21, 1994, the Office of the Attorney
General ("OAG") filed an Information charging Sablan
with four counts:  robbery, theft, aggravated assault and
battery, and assault with a dangerous weapon.

¶4     On July 7, 1995, Sablan entered into a plea agreement
with the OAG where she agreed to plead guilty to robbery.
In exchange, the OAG agreed to move to dismiss the other
charges and recommend a sentence of twenty years in
prison and a fine of $10,000 with ten years suspended so
long as certain conditions were met. Under the terms of
the agreement, Sablan was not bound by the OAG's
recommendation and could argue for an alternative
sentence.

¶5     On July 18, 1996, the Superior Court accepted
Sablan's plea of guilty and found her guilty of robbery in
violation of 6 CMC § 1411(a) which is punishable by 6
CMC § 1411(b)(2). After the sentencing hearing held on
August 18, 1995, the Superior Court issued a Judgment
and Probation Commitment order sentencing Sablan to six
years imprisonment, all of which was suspended except for
the first three years. As a condition of the suspended
sentence, Sablan was placed on supervised probation;
ordered to pay restitution to Lea Gaspar for medical and
other expenses associated with her injuries including an
airline ticket to and from the Phillippines; perform 250
hours of community work service; and attend counseling
with a psychiatrist at the Commonwealth Health Center.
Defendant timely appealed.

## ANALYSIS

¶6     Sablan asserts that her sentence is illegal because she
should have been sentenced pursuant to 6 CMC § 4113
and that when the Superior Court ordered restitution, she

was entitled to suspension of her entire sentence. We disagree.

¶7 ■ The Superior Court found Sablan guilty of robbery in violation of 6 CMC § 1411(a) and sentenced her pursuant to 6 CMC § 1411(b)(2). 6 CMC § 1411(a) states:

> A person commits the offense of robbery if he or she takes the property from the person of another, or from the immediate control of another, by use or threatened use of immediate force or violence.

A person who is convicted of robbery pursuant to 6 CMC § 1411(a) may be punished:

> (2) If the defendant . . . uses a dangerous weapon to obtain the property or inflicts serious bodily injury, the term of imprisonment may be not more than 20 years.

6 CMC § 1411(b)(2).

¶8 The Superior Court sentenced Sablan to imprisonment for six years, all of which was suspended except for the first three years. This sentence was well within the guidelines of 6 CMC § 1411(b)(2).

¶9 ■ When Sablan and the OAG entered into their Plea Agreement, 6 CMC § 4113 was not a guideline agreed to by the parties. Any consideration of a 6 CMC § 4113 disposition must be specifically agreed to in the plea agreement or it must be unambiguously specified by the Superior Court since it departs from normal sentencing procedures.[1] Title 6, § 4113 is a provision which provides for a form of deferred imposition of sentence. The defendant is placed on probation for a fixed period of time based on certain conditions. If the defendant complies with all the conditions of the suspended imposition of sentence, then the conviction is expunged. Therefore, there is no sentencing under 6 CMC § 4113. Where a sentence is imposed, 6 CMC § 4113 is not implicated.

¶10 Under the terms of the Plea Agreement, Sablan was free to argue for a different sentence than what was being recommended by the OAG. Sablan's three year suspended sentence of the original six year term is conditional upon her meeting the Superior Court's conditions including the payment of restitution while under the court's supervision. The Superior Court's sentence of Sablan was pursuant to the terms of the Plea Agreement and it chose the appropriate sentence after hearing arguments presented by counsel.

## CONCLUSION

¶11 For the reasons set forth above, we hereby **AFFIRM** the Sentencing Order dated August 18, 1995 and the Judgment and Probation/Commitment Order entered on August 22, 1995.

---

[1] Since we find that the Superior Court properly sentenced Sablan pursuant to 6 CMC § 1411(b)(2), we need not address the other issues brought by the appellant regarding 6 CMC § 4113.