**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
**v.**
Theodore R. **Mitchell,**
Defendant/Appellant.
Appeal No. 95-019
Criminal Case No. 93-0137
February 5, 1997

■■■■■

Argued and Submitted January 17, 1997

Counsel for Appellant: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

Counsel for Appellee: Alan L. Lane, Assistant Attorney General, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices, and LAMORENA, Special Judge.

VILLAGOMEZ, Justice:

¶1 ■ Appellant, Theodore R. Mitchell ("Mitchell"), appeals from a Superior Court judgment convicting him of assault and battery, as a lesser-included offense to aggravated assault and battery, in violation of 6 CMC § 1202.[1]

We have jurisdiction pursuant 1 CMC § 3102(a). We affirm.

## ISSUES AND STANDARD OF REVIEW

¶2 ■ 1. Whether the Superior Court erred in convicting Mitchell of assault and battery, under 6 CMC § 1202, as a lesser-included offense, where the offense charged was aggravated assault and battery under 6 CMC § 1203.[2]

2. Whether the Superior Court erred in sentencing Mitchell to make restitution of $19,852.52 for out-of-pocket expenses to Mrs. Barbara Grizzard.

3. Whether the restitution-probation sentence is illegal.

All three issues involve questions of law, reviewable de novo.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 18, 1993, the Attorney General ("AG") filed an information charging Mitchell with one count of aggravated assault and battery. The information stated that on or about August 9, 1993, on Saipan, Mitchell "unlawfully and recklessly caused serious bodily injury to James Henry Grizzard ("Grizzard") in violation of § 1203(a), Title 6 of the Commonwealth Code."[4]

¶4 On September 30, 1994, the jury found Mitchell not guilty of aggravated assault and battery but guilty of the "lesser-included offense" of assault and battery. During the sentencing hearing on May 22, 1995, Grizzard's wife, Barbara Grizzard ("Barbara"), through the AG claimed restitution for expenses related to Grizzard's medical treatments. The AG sought restitution for Barbara based on a financial statement compiled by Barbara which contained receipts for hotel and condo, gas, car rental and parking, laundry, telephone, meals, groceries, drugstore items, clothes, books, airfare, lost wages for Barbara, hospital, and other miscellaneous expenses. Barbara's expenses also included a birthday dinner for her son, entertainment expenses, cosmetics, designer cloths, underwear, and lingerie for Barbara. Mitchell was not provided a copy of the receipts of any part of the "financial statement" prior to the sentencing hearing.

¶5 Mitchell was sentenced to serve one year in jail, all suspended for a period of one year on condition that: he obey all CNMI and U.S. criminal laws; pay a $1,000 fine; not enter establishments that sell or dispense alcoholic beverages, except retail stores or restaurants without front bars; and pay restitution to Barbara in the amount of $19,852.52 for out-of-pocket expenses, subject to reduction upon good cause shown. On June 22, 1995, Mitchell filed a notice of appeal, and obtained court approval of a supersedeas bond to stay the payment of the fine.

¶6 In July 1995, Grizzard, Barbara, and Mitchell entered into a written "Mutual Release and Covenant Not to Sue." In the release, Grizzard and Barbara released Mitchell "from all liability, claims, demands, costs, charges and expenses incident to personal injuries sustained by James H. Grizzard in an incident that occurred on August 9, 1993, at the Café Mogambo, Saipan."[5] The release covers all expenses included in the restitution order.

¶7 On April 11, 1996, Mitchell filed an amended supersedeas bond security, guaranty and declaration of surety, and sought approval of the Superior Court. The amended supersedeas bond would cover the restitution. The court denied Mitchell's request. On April 12, 1996, Mitchell filed an emergency motion with this Court for approval of the amended supersedeas bond for stay

---

[1] "A person commits the offense of assault and battery if the person unlawfully strikes, beats, wounds or otherwise does bodily harm to another . . . ." 6 CMC § 1202(a).

[2] "A person commits the offense of aggravated assault and battery if he or she causes serious bodily injury, purposely, knowingly or recklessly." 6 CMC § 1203(a).

[3] *Commonwealth v. Oden*, 3 N.M.I. 186, 191 (1992).

[4] Excerpts of Record at 1-2.

[5] *Id.* at 126.

pending appeal. On April 15, 1996, this Court approved the amended supersedeas bond for stay pending appeal.

## ANALYSIS

### 1. Assault and Battery Conviction

¶8 Mitchell asserts that the Superior Court erred in convicting him of assault and battery as a lesser-included offense because assault and battery is not a lesser-included offense of recklessly causing serious bodily injury. We find no error.

¶9 ▪ Com. R. Crim. P. 31(c), which is identical to Fed. R. Crim. P. 31(c), states in part, "The defendant may be found guilty of an offense necessarily included in the charged offense."[6] In determining whether an offense is included in a greater offense, the Superior Court is not limited to consideration of only the language of the statute under which a defendant is charged. Since a statute may be violated in different ways, the court may consider the facts alleged in the information and the evidence presented at trial in determining whether a lesser-included offense instruction is proper.[7]

¶10 In *Schmuck v. United States*, the U.S. Supreme Court applied the "elements test," under which "one offense is not necessarily included in another unless the elements of the lesser offense are a subset of the elements of the charged offense."[8] Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Com. R. Crim. P. 31(c).[9] Conversely, if the evidence is such that the jury could rationally find defendant guilty of the lesser offense but not the greater,[10] an instruction on the lesser offense must be given.[11] One offense is necessarily included in another if it is impossible to commit the greater without also having committed the

lesser.[12] Thus, for example, murder includes lesser offenses such as second-degree murder,[13] manslaughter,[14] and negligent homicide.[15] Another example is *Commonwealth v. Kaipat*, where we held that:

> *both* assault and assault and battery, the latter of which involves harm, the former of which does not, are alternative lesser included offenses of assault with a dangerous weapon. Each of these charges contains a dispositive set of elements which is a subset of one of the alternative sets of elements of assault with a dangerous weapon. In other words, assault may occur where one person attempts to do bodily harm to another; whereas, assault and battery occurs where a person does bodily harm to another. Add to either of these charges the element of the use of a dangerous weapon and you have the charge of assault with a dangerous weapon.[16]

¶11 ▪ In the instant case, Mitchell was charged with aggravated assault and battery for "recklessly" causing serious "bodily injury" to Grizzard. The elements of assault and battery are a subset of the elements of aggravated assault and battery. The first element, "unlawfully," connotes "recklessly" from the elements of aggravated assault and battery. The second element, "strikes, beats, wounds, or otherwise does bodily harm," has as its equivalent, "causes . . . bodily injury." The third element, "to another," is also contained in the charge of aggravated assault and battery by implication.

¶12 The evidence shows that Mitchell, without consent, pushed Grizzard on the chest, causing him to fall upon a cigarette machine, and sustained injury to his head. Therefore, Mitchell unlawfully wounded Grizzard. He "unlawfully" "wounded" "another."

### 2. Restitution to Barbara Grizzard

[6] Com. R. Crim. P. 31(c).

[7] *U.S. v. Cova.* 755 F.2d 595, 597-598 (7th Cir. 1985); *see also, U.S. v. Giampino*, 680 F.2d 898, 902-903 (2d Cir. 1982); *U.S. v. Johnson*, 637 F.2d 1224, 1238 (9th Cir. 1980).

[8] *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450-52, 103 L.Ed.2d 734, ___(1989); *reh. denied*, 490 U.S. 1076, 109 S.Ct. 2091, 104 L.Ed. 654 (1989).

[9] *Id.*

[10] *Government of Virgin Islands v. Knight*, 989 F.2d 619, 632 (3d Cir. 1993). *cert. denied* 114 S.Ct. 556, ___U.S.___, 126 L.Ed.2d 457 (1993).

[11] *Beck v. Alabama.* 100 S.Ct. 2382, 2388 n. 11. 447 U.S. 625, 635 n. 11, 65 L.Ed.2d 392 (1980).

[12] *Schmuck, supra*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734.

[13] *U.S. v. Chagra*, 638 F.Supp. 1389, 1401, 1408 (D.C.Tex.1986). *aff'd* 807 F.2d 398 (1986), *cert. denied* 108 S.Ct. 106, 484 U.S. 832, 98 L.Ed.2d 66 (1986).

[14] *Government of Virgin Islands v. Commissiong*, 706 F.Supp. 1172, 1188 n. 4 (D.C.V.I. 1989); *see also, State v. Selig*, 635 P.2d 786 (Wyo.1981).

[15] *Barbeau v. U.S.*, 193 F.2d (9th Cir. 1952).

[16] *Commonwealth v. Kaipat*, 4 N.M.I. 300, 303-04 (1995) (emphasis original).

¶13 Mitchell asserts that the Superior Court erred in awarding restitution to Barbara because she is not the victim--Grizzard is. Although we find no error, Mitchell need not pay the restitution.

¶14 Restitution to victims of crime is mandated by the CNMI Constitution.[17] In addition, 6 CMC § 4109 extends restitution orders to any injured person caused by the acts of a defendant.[18] 6 CMC § 4104 provides "alternative sentences" in lieu of imprisonment or fine.[19] Restitution may be ordered and the Superior Court has the discretion to determine what expenses should be covered.

¶15 In the instant case, expenses by and for Barbara in Honolulu while escorting her injured husband are not unreasonable. However, because Mitchell and the Grizzards have entered into the Mutual Release and Covenant not to Sue, this issue is moot as a practical matter. We cannot force the parties to breach their mutual agreement. Therefore, Mitchell need not pay any restitution to Barbara.

### 3. Legality of Sentence

#### a. Restitution

¶16 Mitchell asserts that his sentence requiring him to pay restitution is illegal because Com. R. Crim. P. 38(a)[20] does not authorize a stay of execution of that part of the sentence. This argument is without merit. On April 15, 1996, this Court approved the amended supersedeas bond for stay of the restitution pending appeal.

#### b. Probation

Mitchell asserts that his probation sentence is illegal unless pursuant to 6 CMC § 4113.[21] We find no error.

¶17 We note that 6 CMC § 4113 is not the only Commonwealth statute that provides for restitution and probation. The Code provides some flexibility on the part of a sentencing court to place a defendant under probation or impose alternative sentencing in lieu of imprisonment.[22] As discussed above, restitution, in lieu of imprisonment is permitted pursuant to N.M.I. Const. art I, § 11, and 6 CMC §§ 4104, 4105, and 4109. The Superior Court may apply any of these statutes as called for by the circumstances.

In *Commonwealth v. Sablan*, we held that:

Title 6, section 4113 is a provision which provides for *a form of deferred imposition of sentence*. The defendant is placed on probation for a fixed period of time based on certain conditions. If the defendant complies with all the conditions of the suspended imposition of sentence, then the conviction is *expunged*. Therefore, there is no sentencing under 6 CMC § 4113. Where a sentence is imposed, 6 CMC § 4113 is *not* implicated.[23]

---

[17] "Restitution to victims of crime *shall* be a condition of probation and parole except upon a showing of compelling interest." N.M.I. Const. art. I, § 11 (emphasis added).

[18] "If a defendant is convicted of any offense in this Title, *the court may*, in lieu of or in addition to other lawful punishment or as a condition of probation or suspension of sentence, *order restitution or compensation* to the owner or *person damaged . . . .*" 6 CMC § 4109 (emphasis added).

[19] Except as otherwise provided in this title, *the courts* of the Commonwealth *may impose*, in conjunction with suspension of all or part of a sentence of imprisonment or fine, *alternative sentences* which benefit the community and serve the interests of justice, including community service and restitution of the victims of the community. *Intentional failure* to properly perform an *alternative sentence* may result in imposition of all or part of *the suspended sentence*.

6 CMC § 4104 (emphasis added).

[20] "A sentence to pay a fine or fine and costs, if an appeal is taken may be stayed. The *court* may require *defendant pending appeal* to deposit the whole or any part of the fine and costs in the registry of the trial court, or to give bond for the payment thereof, or to submit to an examination of assets, and it may make any appropriate order to restrain the defendant from dissipating his/her assets." Com. R. Crim. P. 38(a)(3) (emphasis added).

[21] "Upon entering a judgment of conviction of any offense not punishable by life imprisonment, the court, when satisfied that the ends of justice and the best interests of the public as well as the defendant will be served, may suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed . . . ." 6 CMC § 4113(a).

"Whenever restitution or a fine is ordered the court shall place the defendant on probation to this Section. The Court shall review financial compliance sufficiently prior to the termination of probation to permit an extension of supervision if necessary." 6 CMC § 4113(f).

[22] "Except as restricted by a specific provision of a section of this title or by section 4102, the court may suspend or modify all or part of a sentence and order probation or other sentencing where that action is deemed to be in the best interests of justice, and may reimpose all or part of the suspended sentence upon violation of the terms of the suspension." 6 CMC § 4105.

[23] *Commonwealth v. Sablan*. 1996 MP 22, 22 ¶¶ 9, 9, 5 N.M.I. 44 (emphasis added).

¶18 Like the defendant in *Sablan*, Mitchell wanted the Superior Court to apply 6 CMC § 4113 so that his conviction would eventually be expunged from the record. Mitchell, however, was *sentenced*. Therefore, 6 CMC § 4113 does not apply to this case.

## CONCLUSION

¶19 For the reasons set forth above, we hereby **AFFIRM** the conviction of assault and battery, **AFFIRM** the imposition of the fine but waive the restitution, and **AFFIRM** the sentence. We **REMAND** for the Superior Court to determine whether and how to enforce the imposition of the fine.