**Commonwealth** of the
Northern Mariana Islands,
Prosecution/Appellee,

v.

Jose L. **Itibus,**
Defendant/Appellant.
Appeal No. 95-034
Criminal Case No. 95-0120(F)
June 27, 1997

_____

Submitted on the Briefs March 10, 1997

Counsel for Appellant: Brien Sers Nicholas, Saipan.

Counsel for Appellee: Loren A. Sutton, Deputy Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Associate Justices.

TAYLOR, Chief Justice:

¶1 ■ Appellant, Jose L. Itibus ("Itibus"), appeals the 6 CMC § 4113 condition of Suspension of Imposition of Sentence set by the Superior Court following bench trial guilty verdicts of three counts of assault and battery, in violation of 6 CMC § 1202. We have jurisdiction pursuant to 1 CMC § 3102(a). We remand the case to the Superior Court for reconsideration of the community work service order.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 ■ The issue before us is whether the Superior Court may require a defendant to be incarcerated as a condition of his suspended imposition of sentence pursuant to 6 CMC § 4113(a). The legality of a condition of suspended imposition of sentence is a question of law which we review de novo. _Commonwealth v. Sablan_, 1996 MP 22 ¶2, 5 N.M.I. 43.

## FACTS AND PROCEDURAL BACKGROUND

¶3 On August 31, 1995, following a bench trial, Itibus was found guilty of three counts of assault and battery, in violations of 6 CMC § 1202.

On October 19, 1995, the Superior Court suspended the imposition of Itibus' sentence pursuant to 6 CMC § 4113. As one of the terms and conditions of Itibus' suspended imposition of sentence, he was placed on "supervised" probation[1] for a one year six month period and was ordered to serve 600 hours of detention on the weekends at the Department of Corrections, Department of Public Safety.[2] Itibus timely appealed.

## ANALYSIS

¶4 Itibus contends that his suspended imposition of sentence is illegal because he cannot be required to serve any incarceration time as a condition of his probation under the Probation and Suspension of Imposition of Sentence statute of 6 CMC § 4113.

¶5 Section 4113(a) of Title 6 of the Commonwealth Code states in its entirety:

_____

[1] Although the Superior Court uses the phrase "supervised" probation in its sentence, this Court notes the term "supervised" probation is redundant since persons placed on probation are assuredly "supervised" by the Probation Office under 6 CMC § 4205(a).

[2] "Defendant shall report to the Department of Corrections ["DOC"] commencing October 20, 1995 at 6:00 p.m. and every Friday thereafter until such time he completes 600 hours of detention. The DOC shall release the defendant on Sundays at 6:00 p.m." _Commonwealth v. Itibus_, Crim. Case No. 95-120(F) (N.M.I. Super. Ct. Oct. 20, 1995) (Suspended Imposition of Sentence at 1). This Court notes that 600 hours of detention would require Itibus to be detained for a period of twenty-five (25) days, or slightly over twelve (12) weekends.

(a) Upon entering a judgment of conviction of any offense not punishable by life imprisonment, the court, when satisfied that the ends of justice and the best interests of the public as well as the defendant will be served, may suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and *upon the terms and conditions which the court determines*, and shall place the person on probation, under the charge and supervision of a probation officer or any other person designated by the court, during the suspension (emphasis added).

Itibus asserts that 6 CMC § 4113(a), by its own wording, gives the trial court the discretion to suspend the imposition of his sentence, by placing him on probation and not incarceration, if the court determines that the ends of justice and the best interests of the public as well as his interests will be served. We disagree.

¶6    █ We begin our analysis of § 4113(a) by looking at the language of the statute itself. *Commonwealth Ports Auth. v. Hakubotan Saipan Enter. Inc.*, 2 N.M.I. 212, 221 (1991). Unless the statute provides otherwise, the courts should adhere to the rule that words be given their plain meaning. *Id.*; *Nansay Micronesia Corp. v. Govendo*, 3 N.M.I. 12, 16 (1992). According to 6 CMC § 4113(a), the Superior Court may suspend the imposition of sentence *"upon the terms and conditions which the court determines"* (emphasis added). Although the statute is silent as to whether or not incarceration is a permissible condition, the statute specifically authorized the court to determine the terms and conditions of the suspension. Interpreting the statue for its plain meaning, therefore, we hold that the sentencing judge has the discretion to impose incarceration as one of the conditions of a § 4113 suspension, absent statutory language to the contrary.

This Court has previously noted that:

> Title 6, section 4113 is a provision which provides for a form of deferred imposition of sentence. The defendant is placed on probation for a fixed period of time based on certain conditions. If the defendant complies with all the conditions of the suspended imposition of sentence, then the conviction is expunged.

*Sablan, supra*, 1996 MP ? ¶44, 5 N.M.I. 43. Thus, no conviction occurs after a defendant complies with all the conditions of the suspension as the record is subsequently expunged. This Court recognizes that the Superior Court could have sentenced Itibus according to the assault and battery statute of 6 CMC § 1202(b) which carries a maximum penalty of imprisonment up to one year for each count. However, the Superior Court did not sentence Itibus according to 6 CMC § 1202(b), but instead suspended imposition of sentence pursuant to 6 CMC § 4113(a) and placed him on probation for a one year six month period and ordered him to serve 600 hours of incarceration as one of the conditions of his suspended imposition of sentence.

¶7    When suspending Itibus' sentence, the Superior Court looked specifically into Itibus' background and various "special circumstances" when it ruled that,

> the court is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served by suspending the imposition of sentence . . . . Defendant has no prior criminal record, has served in the United States Armed Forces, is married and has two children ages 9 and 16, and was gainfully employed on the date of the incident.

*Commonwealth v. Itibus*, Crim. Case No. 95-120(F) (N.M.I. Super. Ct. Oct. 20, 1995) (Suspended Imposition of Sentence at 1). The Superior Court, being satisfied that "the best interests of the public . . . will be served by suspending the imposition of sentence," and noting Itibus' lack of any prior criminal record, may suspend the imposition of his sentence according to 6 CMC § 4113 and order incarceration as one of the conditions. *Id.* The sentencing judge may, for example, feel that a short term of incarceration is necessary for the reformation of the defendant. We decline to usurp the sentencing judge's discretion at this time.

¶8    Accordingly, we find that the Superior Court did not err when it placed Itibus on probation and simultaneously ordered him to serve 600 hours of detention as one of the conditions of the suspended imposition of suspension. However, upon examining the sentencing order, this Court notes the community work service order is indefinite. The Superior Court, not the probation officer, must impose a specific number of hours of community work service to be performed.[3]

### CONCLUSION

¶9    For the reasons set forth above, we **AFFIRM** the Superior Court's decision to impose incarceration as a condition of a suspended imposition of sentence. However, we **REMAND** this case for an entry of a definite community work service order.

---

[3] *Commonwealth v. Itibus*, Crim. Case No. 95-120(F) (N.M.I. Super. Ct. Oct. 20. 1995) (Suspended Imposition of Sentence at 2). This Court also notes that there is no reference to an indefinite community work service order in the Appellant's brief.

ATALIG, Associate Justice, dissenting:

¶10 I respectfully dissent. Probation does not include incarceration. The United States Supreme Court has previously noted that the basic purpose of probation is "to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself *without institutional confinement* under the tutelage of a probation official . . ." *Roberts v. United States*, 320 U.S. 264, 272, 64 S. Ct. 113, 177 (1943) (emphasis added). "Probation is a judicial act whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration." *Hawaii v. Fields*, 686 P.2d 1379 (Haw. 1984).[4] Accordingly, absent statutory language to the contrary, the word "probation" in 6 CMC § 4113 must be interpreted to mean a form of punishment not to include incarceration.

¶11 In a case analogous to ours, the Supreme Court of Alaska held the trial court did not have the authority to impose a term of imprisonment as a condition of probation. *Boyne v. State of Alaska*, 586 P.2d 1250 (Alaska 1978). In *Boyne*, following a burglary conviction, the trial court suspended the imposition of sentence and placed him on probation for a period of five years. As a "special condition" of probation, Boyne was ordered to serve two years in a correctional facility. *Id.* The Supreme Court of Alaska analyzed the Alaska statute, similar to our 6 CMC § 4113, and noted that the statute did not provide for the incarceration of a defendant as a condition of probation. Thus, it ruled that the trial court did not have the authority or power to impose incarceration as a condition of probation.[5]

---

[4] *See Phillips v. United States*, 212 F.2d 327, 334 (8th Cir. 1954). (Probation is not a reduction of sentence but is "discipline under supervision, without incarceration, and is intended for those offenders who can, with safety to the public, be left at large after conviction and who may honestly and reasonably be believed to be susceptible of reformation."). *See also Words and Phrases*, Vol. 34, p. 110 for other judicial constructions and definitions on "*Probation.*"

[5] The Supreme Court of Alaska, citing *Boyne*, held that "the imposition of jail time as a special condition of probation is not authorized under the Alaska statutes governing probation generally." *Whittlesey v. State*, 626 P.2d 1066, 1067 (Alaska 1980).