**Larry J. WHITEHEAD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6868.**

Court of Appeals of Alaska.

July 30, 1999.

67. —— P.2d ——, Opinion No. 1640, 1999 WL 521696 (Alaska App., July 23, 1999).

Sidney K. Billingslea, Anchorage, for Appellant.

Marcelle K. McDannel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## O P I N I O N

STEWART, Judge.

When Superior Court Judge Milton M. Souter sentenced Larry J. Whitehead on his conviction for coercion,[1] he imposed a special condition of probation that ordered Whitehead to register as a sex offender during his probation. Whitehead contends that Judge Souter could not impose that special condition because Whitehead was not convicted of a "sex offense" within the meaning of AS 12.63.100. We agree and vacate the special condition of probation.

### Facts and proceedings

On December 29, 1996, Whitehead worked as a jailor at the Glenwood Center, a privately-run halfway house operating under a contract with the Department of Corrections. Early that morning, he entered G.M.'s room while she was asleep. Whitehead pulled her t-shirt up over her breasts, began caressing one of G.M.'s breasts with one hand while he digitally penetrated her vagina with the other. G.M. woke up and grabbed Whitehead's hand. Whitehead stopped his fondling and penetration. Before Whitehead left G.M.'s room, he informed her that she could be sent back to jail and he could lose his job if she reported his misconduct.

G.M. contacted the police. As part of the investigation, the police obtained authoriza-tion to record a telephone call between G.M. and Whitehead. On December 31, 1996, G.M. called Whitehead. During the call, Whitehead admitted his sexual misconduct.

The State filed a complaint charging Whitehead with one count each of first-degree,[2] second-degree,[3] and third-degree sexual assault.[4] Pursuant to a plea bargain, Whitehead entered a no contest plea to the single count of coercion, a class C felony.

Judge Souter imposed a 3–year term with 1 year suspended. He included a special condition of probation that ordered Whitehead to register as a sex offender during his 6–year probationary period.

### Discussion

 As a general rule, conditions of probation must be reasonably related to the probationer's rehabilitation or the protection of the public.[5] Judge Souter concluded that Whitehead should register as a sex offender because of the sexual misconduct underlying Whitehead's conviction for coercion.

The record supports Judge Souter's implicit concern that Whitehead's registration as a sex offender was reasonably related to the protection of the public. Nevertheless, we conclude that Judge Souter was not authorized to impose that particular probation condition.

When it passed the Alaska Sex Offender Registration Act, the legislature specified the offenses that trigger a defendant's requirement to register as a sex offender.[6] Unlike registration schemes in other states, there is no provision in the Alaska Sex Offender Registration Act that authorizes a judge to order a defendant to register when the defendant is convicted of another offense not specifically listed by the legislature.[7]

---

1. AS 11.41.530(a)(4).

2. AS 11.41.410(a)(1).

3. AS 11.41.420(a)(3)(B) and/or (C).

4. AS 11.41.425(a)(2) and/or (3).

5. See Roman v. State, 570 P.2d 1235, 1240 (Alaska 1977).

6. See AS 12.63.010–.100.

7. See, e.g., Cal.Penal Code § 290(a)(2)(E), which provides that the court may order registration "for any offense not included specifically in this section if the court finds at the time of conviction that the person committed the offense as a result of sexual compulsion or for the purposes of sexual gratification."

In a series of cases starting with *Boyne v. State*,[8] the Alaska Supreme Court and this court have held that sentencing courts must have explicit legislative authorization before imposing conditions of probation that fundamentally alter the nature of the probation. For instance, in *Boyne* itself, the supreme court held that a sentencing court may not impose imprisonment as a condition of SIS probation.[9] In *Whittlesey v. State*,[10] the supreme court held that a court may not impose imprisonment as a condition of normal probation. We applied the same reasoning in *M.O.W. v. State*,[11] where we held that a juvenile court lacked the authority to order a juvenile offender, as a condition of probation, to spend several days in a closed juvenile facility.

Sex offender registration is obviously less burdensome than incarceration. We are mindful that probationers have traditionally been required to apprise their probation officers of their place of residence and their place of employment. Nevertheless, sex offender registration entails more than simply informing a probation officer of one's residence and place of employment. Under the sex offender registration law, a defendant must supply this information (as well as other personal information) for dissemination to the public at large.

Although we recently held in *Patterson v. State*[12] that sex offender registration is not "punitive" for purposes of the *ex post facto* clauses of the federal and state constitutions, we also have recently held in *Peterson v. State*[13] that a defendant who enters a guilty plea to a sex offense in ignorance of the sex offender registration requirement can attack the plea. Our holding in *Peterson* rested largely on the fact that the Alaska Legislature specifically amended Criminal Rule 11(c) to require judges to inform defendants about the sex offender registration requirement before accepting a guilty plea to a sex offense.[14] We inferred, from the legislature's action, that the legislature viewed sex offender registration as a serious consequence of conviction and "that the legislature believed it would be unfair to allow defendants to plead guilty to a sex offense without first telling them about the registration requirement."[15] For similar reasons, we conclude that we should not construe AS 12.55.080–.090 to allow sentencing judges to impose sex offender registration as a condition of probation when the legislature has not expressly authorized sentencing courts to exercise this power.

Moreover, by ordering Whitehead to register as a sex offender, Judge Souter imposed corresponding obligations on the Alaska Department of Public Safety and the local police agency where Whitehead resides. Absent legislative authorization, the judge had no power to regulate the conduct of these executive agencies.[16]

### Conclusion

Accordingly, we VACATE the contested condition of probation.

8. 586 P.2d 1250 (Alaska 1978).

9. *See id.* at 1251.

10. 626 P.2d 1066, 1067 (Alaska 1980).

11. 645 P.2d 1229, 1235 (Alaska App.1982).

12. 985 P.2d 1007 (Alaska App.1999).

13. —— P.2d ——, 1999 WL 521696, Opinion No. 1640 (Alaska App., July 23, 1999).

14. *See Peterson*, Opinion No. 1640 at 20, at ——.

15. *Peterson*, Opinion No. 1640 at 21, at ——.

16. *See LaBarbera v. State*, 598 P.2d 947, 949 (Alaska 1979); *Beckman v. State*, 689 P.2d 500, 502 n. 5 (Alaska App.1984).