**Walt HERREID, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8341.

Court of Appeals of Alaska.

May 9, 2003.

Nelson Traverso, Law Offices of Nelson Traverso, Fairbanks, for Appellant.

Corinne M. Vorenkamp, Assistant District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Walt Herreid was indicted for first-degree and second-degree sexual assault. He ultimately reached a plea bargain with the State; under the terms of this bargain, Herreid pleaded no contest to a single misdemeanor count-attempted third-degree sexual assault.[1]

Even though Herreid was convicted of a misdemeanor, this misdemeanor is nevertheless classified as a "sex offense" for purposes

---

1. AS 11.41.425(a).

of the Sex Offender Registration Act.[2] Accordingly, Herreid is required to register and to report annually for a period of 15–years.[3]

In this appeal, Herreid contends that the Sex Offender Registration Act is unconstitutional because it amounts to an improper infringement by the legislative branch of government into sentencing matters that are entrusted to the judicial branch.

Herreid contends that the reporting requirement imposed by the Act is a punishment for his crime—and that, because the reporting requirement is a punishment, it can be analogized to a term of imprisonment. Herreid points out that sentencing courts traditionally have the power to impose an individualized term of imprisonment on an offender, based on the court's assessment of the offender's level of dangerousness and the offender's prospects for rehabilitation. Herreid argues that a sentencing court must likewise have the power to impose an individualized sex offender reporting requirement—the power to reduce the statutory 15–year reporting period if the court concludes that an individual offender's level of dangerousness and prospects for rehabilitation do not warrant such a lengthy reporting period. Based on this reasoning, Herreid concludes that when the legislature enacted a statute imposing a uniform 15–year reporting requirement on all sex offenders, the legislature overstepped its constitutional powers and impermissibly infringed on the prerogatives of the judicial branch.

■ Herreid's arguments are substantially undermined by two recent decisions of the United States Supreme Court. In *Smith v. Doe*, —— U.S. ——, 123 S.Ct. 1140, 1154, 155 L.Ed.2d 164 (2003), the Supreme Court held that Alaska's Sex Offender Registration Act did not impose a criminal "punishment"; rather, the Act is a civil regulatory measure. (This Court earlier reached the same conclusion in *Patterson v. State*, 985 P.2d 1007, 1011–13 (Alaska App.1999).)

■ Because the Sex Offender Registration Act is a regulatory measure, the registration and reporting requirements imposed by the Act are not part of a defendant's sentence. *Peterson v. State*, 988 P.2d 109, 115 (Alaska App.1999). A sentencing court has no power to exempt a defendant from the requirements of the Act—nor, for that matter, does a sentencing court have the power to *impose* sex offender registration and reporting on a defendant whose crime does not qualify as a "sex offense" under AS 12.63.100(1) or (6). *See Whitehead v. State*, 985 P.2d 1019, 1021 (Alaska App.1999).

Moreover, in *Connecticut Dept. of Public Safety v. Doe*, —— U.S. ——, 123 S.Ct. 1160, 1162–63, 1164–65, 155 L.Ed.2d 98 (2003), the United States Supreme Court implicitly rejected Herreid's argument that the length of the reporting requirement must be modifiable, depending on the individual offender's level of dangerousness. The Supreme Court held that persons who are subject to registration and reporting requirements based on their prior conviction for a sex offense have no due process right to a pre-registration opportunity to prove that they are not a danger to the public.

The Court pointed out that Connecticut's registration requirement was "based on the fact of previous conviction, not the fact of current dangerousness".[4] For this reason, the Court concluded that Connecticut had no due process obligation to give sex offenders a chance to prove their lack of dangerousness:

> [T]he fact that [the] respondent seeks to prove—that he is not currently dangerous—is of no consequence under Connecticut's Megan's Law.... [T]he law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest.... No other fact is relevant to the disclosure of registrants' information.
>
> . . .

---

**2.** *See* AS 12.63.100(6)(C)(i).

**3.** *See* AS 12.63.010(b) (duty to register); AS 12.63.010(d)(1) (duty to annually report); AS 12.63.020(a)(2) (requiring an offender convicted

of a single, non-aggravated sex offense to report for 15–years).

**4.** *Connecticut Dept. of Public Safety v. Doe*, —— U.S. at ——, 123 S.Ct. at 1163.

Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme. Respondent cannot make that showing here.

*Id.,* — U.S. at ——, 123 S.Ct. at 1164, 1165.

Based on these two recent decisions of the United States Supreme Court, and based on our own prior decisions in *Patterson, Peterson,* and *Whitehead,* we reject Herreid's constitutional challenge to the Sex Offender Registration Act. The legislature's decision to require sex offenders to register and to report on a regular basis for a specified period of time does not violate the separation of powers between the legislative and judicial branches of government.

The judgement of the superior court is AFFIRMED.