Max C. SCHWAB, Appellant,

v.

STATE of Alaska, Appellee.

No. A-9958.

Court of Appeals of Alaska.

Nov. 28, 2008.

Steven M. Wells, Steven M. Wells, LLC, and Gayle J. Brown, Anchorage, for the Appellant.

Blair M. Christensen, Assistant Attorney General, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In May 2006, Max C. Schwab was convicted of second-degree indecent exposure.[1] When Schwab was released from prison, the Department of Public Safety notified him that he was obliged to register as a sex offender. In March 2007, Schwab filed a motion in his district court criminal case, asking the district court to amend his sentence to specify that he would not have to register as a sex offender.[2]

District Court Judge Gregory Heath denied Schwab's motion to amend the sentence. But when Schwab indicated that he intended to appeal the court's decision, Judge Heath ordered a "stay" of Schwab's sex offender registration requirement. In essence, Judge Heath issued a restraining order directing the Department of Public Safety not to enforce Schwab's registration requirement until Schwab's appeal was resolved.

---

1. AS 11.41.460(a).

2. It appears that both Schwab and the State mistakenly believed his sentence contained a provision requiring Schwab to register as a sex offender. In fact, the sentencing record and the judgment are silent on this point.

The underlying controversy in this case has nothing to do with Schwab's sentence. As we explained in *Herreid v. State*[3]:

> [T]he registration and reporting requirements imposed by the [Sex Offender Registration] Act are not part of a defendant's sentence. *Peterson v. State*, 988 P.2d 109, 115 (Alaska App.1999). A sentencing court has no power to exempt a defendant from the requirements of the Act—nor, for that matter, does a sentencing court have the power to impose sex offender registration and reporting on a defendant whose crime does not qualify as a "sex offense" under AS 12.63.100(1) or (6).[4]

Thus, nothing that the district court might do to amend Schwab's sentence for indecent exposure would either affirm or negate the validity of the Department's decision to require Schwab to register as a sex offender.

Schwab's underlying claim is a challenge to an administrative decision of the Department of Public Safety. This claim could not be raised in Schwab's criminal case. Nor would the district court have had jurisdiction to consider this claim even if Schwab had filed a civil lawsuit challenging the Department's decision.[5]

Challenges to the decisions of administrative agencies must be pursued by filing a civil action or appeal in the superior court.[6] For this reason, the district court had no jurisdiction to rule on Schwab's claim—no jurisdiction either to grant or deny it. And for this same reason, the district court had no authority to issue a stay that purported to exempt Schwab from the duty to register as a sex offender pending resolution of this appeal.

For these reasons, the two decisions of the district court in this case—the decision rejecting Schwab's request to be exempted from sex offender registration and the decision restraining the Department from enforcing its ruling pending the resolution of this appeal—are both VACATED. The district court had no authority to make these decisions.

If Schwab wishes to challenge the Department's ruling that he must register as a sex offender, he must seek relief in the superior court.

---

3. 69 P.3d 507 (Alaska App.2003).

4. *Id.* at 508 (emphasis removed).

5. *See* AS 22.15.030–050 (defining the civil jurisdiction of the district court).

6. *See* AS 22.10.020(d); Alaska Appellate Rule 601(b); *Higgins v. Briggs*, 876 P.2d 539, 543–44 (Alaska App.1994).