**Michael BOLES, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10030.

Court of Appeals of Alaska.

June 12, 2009.

As Amended on Rehearing July 10, 2009.

Louis James Menendez, Juneau, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

MANNHEIMER, Judge.

Michael Boles pleaded guilty to two counts of attempted second-degree sexual abuse of a minor for engaging in sexual contact with two victims, each under the age of thirteen. As one of Boles's conditions of probation, the superior court ordered him to submit to warrantless searches for firearms. In addition, the superior court concluded that Boles would have to register as a sex offender for the rest of his life. Boles now challenges these two decisions.

*The challenged condition of probation*

Boles claims that, because his crimes did not involve a weapon of any type, it was improper for the superior court to require him to submit to warrantless searches for firearms. The State concedes that the superior court committed error, but this Court has an independent duty to evaluate whether the State's concession of error is well-founded.[1]

Under Alaska law, it is improper for a sentencing court to impose a condition of probation that is not "reasonably related to the rehabilitation of the offender and the protection of the public". *Miyasato v. State,* 892 P.2d 200, 201 (Alaska App.1995) (quoting *Roman v. State,* 570 P.2d 1235, 1240 (Alaska 1977)).

This Court recently applied this rule of law in *Dayton v. State,* 120 P.3d 1073 (Alaska App.2005). In *Dayton,* the defendant was indicted for first-and second-degree sexual assault, but negotiated a plea bargain with the State allowing him to plead no contest to third-degree assault. *Id.* at 1076. As a condition of probation, the superior court required the defendant to submit to warrantless searches for weapons. *Id.* at 1084. We reversed this condition of probation because "[t]he record contain[ed] no indication that Dayton has ever used or possessed weapons in violation of the law, or that he has used or carried weapons during the commission of a crime". *Id.* at 1085.

In the present case, Boles was convicted of two counts of attempted sexual abuse of a minor, and neither offense involved a weapon of any type. Thus, Boles's case appears to be analogous to *Dayton.* We conclude that the State's concession of error on this point is well-founded, and we therefore vacate the challenged condition of probation.

*The issue of how long Boles must register as a sex offender*

Boles's remaining claim is that the superior court was mistaken when it ruled that Boles would have to register as a sex offender for life. Boles contends that under the pertinent statute, AS 12.63.020, he need only register for 15 years.

AS 12.63.020(a)(1)(B) declares that a defendant convicted of two or more sex offenses must register for life. Boles pleaded guilty to two counts of attempted second-degree sexual abuse of a minor, each count involving a separate victim, and the superior court

1. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972) (holding that when the government concedes error in a criminal appeal, the appellate court has an obligation to "independently review the [lower court] proceedings ... to insure that the [confession of] error ... is supported by the record on appeal and has legal foundation").

concluded that Boles was required to register for life. Boles argues that the superior court misinterpreted the statute: he contends that the life-registration requirement applies only to defendants who commit a second sex offense after having been convicted of an earlier sex offense.

Compare *State v. Carlson*, 560 P.2d 26, 30 (Alaska 1977), in which the Alaska Supreme Court interpreted our former "habitual criminal" sentencing statutes to require proof that the defendant was sentenced for the prior offense before the defendant committed the present offense; *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978), in which the supreme court applied the same rule of construction to the sentencing provisions imposing enhanced punishment for repeat drug offenders; and *State v. Rastopsoff*, 659 P.2d 630, 640–41 (Alaska App.1983), in which this Court held that, for purposes of determining a defendant's status as a first, second, or third felony offender under Alaska's presumptive sentencing laws, a defendant is not "previously convicted" of a felony until the defendant is sentenced for that felony.

We need not resolve (indeed, we can not resolve) this issue of statutory interpretation—because the superior court did not "rule" that Boles must register as a sex offender for life. Rather, the superior court merely predicted that Boles would have to register for life.

 We have repeatedly held that the registration and reporting requirements imposed by Alaska's Sex Offender Registration Act are not part of a defendant's sentence.[2] The registration and reporting requirements are automatically triggered when a defendant is convicted of an offense covered by the Act.[3] A sentencing court has no authority to exempt a defendant from sex offender registration and, likewise, a sentencing court has no authority to order a defendant to register as a sex offender if the defendant's offense is not covered by the Act.[4] By the same token,

a sentencing court has no authority to order a defendant to register as a sex offender for life if, under AS 12.63.020, the defendant is only required to register for 15 years.

The Department of Public Safety is entrusted with the administration of the Sex Offender Registration Act.[5] One of the Department's principal duties is to inform defendants of "the duration of [their] duty to register" and to furnish defendants with "an explanation of the annual or quarterly schedule by which [they] must submit registration verification information to the department for the duration of [their] duty to register".[6] Thus, it is the Department of Public Safety that must decide, at least in the first instance, how AS 12.63.020 applies to defendants in Boles's situation—*i.e.*, whether Boles is required to register for 15 years or for life.

We are not criticizing the superior court for attempting to construe AS 12.63.020, or for expressing an opinion on how this statute would apply to Boles. Indeed, under Alaska Criminal Rule 32(d), whenever a defendant is convicted of an offense covered by the Sex Offender Registration Act, the written judgement must contain a description of the defendant's obligations under the Act—including "the period of registration required under [the Act] if the required period can be determined by the [sentencing] court."

Thus, the superior court was complying with its duty under Criminal Rule 32(d) when, in its remarks at the sentencing hearing and later in its written judgement, the court declared that Boles would be required to register for life. But this was not a "ruling". That is, the superior court did not formally adjudicate Boles's obligation under the statute. Indeed, as we have explained, the superior court *could not* formally adjudicate this issue in the context of Boles's sentencing. Rather, the court merely offered its

---

**2.** *See Schwab v. State*, 198 P.3d 566, 567 (Alaska App.2008); *Herreid v. State*, 69 P.3d 507, 508 (Alaska App.2003); *Peterson v. State*, 988 P.2d 109, 115 (Alaska App.1999).

**3.** *See* AS 12.63.010(a) & AS 12.63.100(3), (5), & (6).

**4.** *Herreid*, 69 P.3d at 508.

**5.** *See* AS 12.63.020(b) & AS 12.63.100(4).

**6.** 13 AAC 09.030(a).

prediction concerning how the statute would apply to Boles.

As we noted above, the Department of Public Safety must decide how AS 12.63.020 applies to defendants in Boles's situation. And, in making its decision, the Department is not bound by the position that the superior court expressed on this issue at Boles's sentencing.

If the Department concludes that AS 12.63.020 requires Boles to register as a sex offender for life, Boles can file an administrative appeal in the superior court to challenge the Department's decision.[7] At that point, the superior court would have the authority to review the Department's interpretation of the statute and issue a ruling that would formally determine Boles's legal obligations under the statute. And if either Boles or the State is dissatisfied with the superior court's ruling, that ruling can be appealed to the Alaska Supreme Court.[8]

But as things now stand, this question of statutory interpretation is not ripe for review. As we have explained, the superior court has not "ruled" on this issue—because, in the context of Boles's criminal case, the superior court lacked subject-matter jurisdiction to decide this issue (in the sense of issuing a decision that would bind the State and Boles). All that has happened, as a legal matter, is that the superior court has made its best prediction as to how the Department of Public Safety will interpret and apply AS 12.63.020 to a defendant in Boles's situation.

*Conclusion*

With regard to the condition of probation that requires Boles to submit to warrantless searches for weapons, that condition is VACATED and the superior court is directed to amend the judgement accordingly.

With regard to the length of time that Boles must register as a sex offender, that issue is not properly before us. The superior court's conclusion regarding this matter was not a "ruling" in a strict legal sense, and thus there is nothing for this Court to review.

We do not know if the Department of Public Safety has issued a decision on this matter in Boles's case. We are concerned by the possibility that the Department has already issued its decision, and that Boles neglected to pursue an administrative appeal of that decision because he believed that he was already litigating the same issue in this criminal appeal. If that is the case, we direct the attention of the superior court to the doctrine of equitable tolling, which might be applied to relax Boles's normal filing deadline for initiating an administrative appeal of the Department's decision. *See Beegan v. Alaska Department of Transportation & Public Facilities,* 195 P.3d 134, 141–42 (Alaska 2008); *Solomon v. Interior Regional Housing Authority,* 140 P.3d 882, 884–85 (Alaska 2006); *Fred Meyer of Alaska v. Bailey,* 100 P.3d 881, 886–87 (Alaska 2004).

---

**7.** *See Schwab v. State,* 198 P.3d at 567 ("Challenges to the decisions of administrative agencies must be pursued by filing a civil action or appeal in the superior court.").

**8.** *See Holden v. State,* 190 P.3d 725, 729 (Alaska App.2008) ("Holden is appealing the final decision rendered by the superior court in an administrative appeal.... [S]uch appeals must be taken to the supreme court.").