**Earl N. RAY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10565.

Court of Appeals of Alaska.

Sept. 16, 2011.

---

4. Disapproved on other grounds in *State v.* *Manck,* 385 Md. 581, 870 A.2d 196 (2005).

Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Mary A. Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

In October 1995, Earl N. Ray was convicted of two counts of first-degree sexual assault and one count of second-degree sexual assault. These convictions stemmed from a criminal episode that occurred in May 1994—

approximately three months before Alaska's Sex Offender Registration Act, AS 12.63, took effect. (The Act took effect on August 10, 1994.)[1]

Ray served thirteen years in prison, and then he was released on probation in September 2007. Fifteen months later, the State filed a petition to revoke Ray's probation, alleging that he violated the conditions of his probation by contacting a member of the victim's family.

Superior Court Judge Beverly J. Cutler ultimately found that Ray had violated the conditions of his probation. She sentenced Ray to serve 1 year of his previously suspended jail time, and she further ordered that when Ray was released to probation again (after serving the year in prison), he would have to register as a sex offender under AS 12.63 during the remainder of his term of probation.

Ray now appeals the portion of the superior court's order requiring him to register as a sex offender.

During her remarks at Ray's probation revocation sentencing hearing, Judge Cutler acknowledged that sex offender registration was not "mandatory" for Ray's offenses, but the judge suggested that she nevertheless had the discretion to require Ray to register as a sex offender as one of the conditions of his probation. The State now concedes that this was wrong.

We decided this point of law in *Whitehead v. State*, 985 P.2d 1019 (Alaska App.1999). The defendant in *Whitehead* was convicted of coercion under AS 11.41.530. Coercion is not one of the offenses listed in AS 12.63.100 that trigger a defendant's obligation to register as a sex offender. Nevertheless, because of the particular facts of Whitehead's case, the sentencing judge concluded that Whitehead should be required to register as a sex offender.[2] (As part of the plea bargain in Whitehead's case, the State dismissed several sexual assault charges that *would* have triggered sex offender registration.)[3] Accordingly, the sentencing judge imposed a special

---

1. *See* SLA 1994, ch. 41.

2. *Whitehead,* 985 P.2d at 1020.

3. *Ibid.*

condition of probation which required White-head to comply with the registration requirements of AS 12.63 during his term of probation.[4]

We held that a sentencing judge has no authority to impose such a condition of probation:

> In a series of cases starting with *Boyne v. State*, [586 P.2d 1250 (Alaska 1978),] the Alaska Supreme Court and this court have held that sentencing courts must have explicit legislative authorization before imposing conditions of probation that fundamentally alter the nature of the probation. For instance, in *Boyne* itself, the supreme court held that a sentencing court may not impose imprisonment as a condition of SIS probation. [*Id.* at 1251.] . . .
>
> Sex offender registration is obviously less burdensome than incarceration. We are mindful that probationers have traditionally been required to apprise their probation officers of their place of residence and their place of employment. Nevertheless, sex offender registration entails more than simply informing a probation officer of one's residence and place of employment. Under the sex offender registration law, a defendant must supply this information (as well as other personal information) for dissemination to the public at large.
>
> . . . [T]he Alaska Legislature specifically amended Criminal Rule 11(c) to require judges to inform defendants about the sex offender registration requirement before accepting a guilty plea to a sex offense. [citation omitted] We inferred, from the legislature's action, that the legislature viewed sex offender registration as a serious consequence of conviction and "that the legislature believed it would be unfair to allow defendants to plead guilty to a sex offense without first telling them about the registration requirement." [*Peterson v. State*, 988 P.2d 109, 118 (Alaska App. 1999).] For similar reasons, we [now] conclude that we should not construe [the probation statutes] to allow sentencing judges to impose sex offender registration

as a condition of probation when the legislature has not expressly authorized sentencing courts to exercise this power.

*Whitehead,* 985 P.2d at 1021 (text of footnotes included as bracketed text).

Nine years after we issued our decision in *Whitehead,* the Alaska Supreme Court issued its decision in *Doe v. State,* 189 P.3d 999 (Alaska 2008). In *Doe,* the supreme court ruled that sex offender registration is a criminal punishment for purposes of Article I, Section § 15 of our state constitution—the provision that bars the legislature from enacting *ex post facto* crimes or punishments.[5] In other words, the supreme court held that it is unconstitutional to apply the Sex Offender Registration Act to defendants like Ray whose crimes were committed before the Act took effect.

The supreme court's decision in *Doe* is significant here, not for the court's ultimate conclusion that sex offender registration constitutes punishment for *ex post facto* purposes, but rather for the supreme court's reasoning. In reaching the conclusion that sex offender registration constitutes "punishment", the supreme court relied heavily on the fact that sex offender registration imposes "significant and intrusive" obligations on a defendant, as well as a "severe stigma". *Doe,* 189 P.3d at 1009. The supreme court further noted that registration exposes defendants to "profound humiliation and community-wide ostracism", with the attendant possibility that the defendant "will be denied employment and housing opportunities as a result of community hostility". *Id.* at 1009–1010.

The supreme court's analysis in *Doe* lends significant strength to our decision in *Whitehead*—our conclusion that requiring a defendant to register as a sex offender as a condition of their probation fundamentally alters the nature of the probation, and that therefore a sentencing court has no power to impose such a condition of probation in the absence of express statutory authority.

---

**4.** *Ibid.*

**5.** *Doe,* 189 P.3d at 1019.

We therefore re-affirm our holding in *Whitehead*—and, on the basis of *Whitehead*, we accept the State's concession of error in this case. The challenged condition of probation is unlawful, and that aspect of the superior court's sentencing decision is RE-VERSED.