Jeffrey R. COCHRAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3637.

Supreme Court of Alaska.

Oct. 6, 1978.

As Amended on Denial of Rehearing
Nov. 28, 1978.

Mary E. Greene, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

Appellant Jeffrey Cochran was convicted, upon his plea of guilty, of one count of uttering a check with insufficient funds[1] and one count of forgery.[2] As a result, he was sentenced to a six-year term of imprisonment for the forgery offense, with three years suspended. On the second count, imposition of sentence was suspended for a stated period of "five years," pursuant to AS 12.55.085,[3] and the period of suspension was ordered to run consecutively to the sentence for forgery. Appellant thereafter

---

1. AS 11.20.230.

2. AS 11.25.020.

3. The relevant portions of AS 12.55.085 state: *Suspending imposition of sentence.* (a) If is appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be

imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

. . . . .

(c) Upon the revocation and termination of the probation, the court may pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced.

brought this sentence appeal, challenging the validity of the lower court's sentencing decision on two grounds. First, appellant claims that the total sanction constitutes excessive punishment in that it restricts his freedom for at least eleven years. Secondly, appellant claims that the sentencing judge, in rendering his decision, improperly relied upon unverified information contained in the presentence report. We begin by addressing the second of these issues.

■ Cochran argues that the presentence report and a letter attached thereto were "replete with examples of unverified information," citing: (1) a statement attributed to his wife that, in a telephone conversation with her mother, the mother told her that "the Federal Bureau of Investigation was looking for [Cochran] for dumping bad checks in Toledo, Ohio," and (2) allegations in a letter written by one of Cochran's victims that he had deceived and stolen from his friends. The use of this information, he contends, infringed upon his constitutional right to confront and cross-examine witnesses testifying against him.

The fatal flaw in appellant's argument lies in the fact that at the time of sentencing he made no objection to those portions of the presentence report to which he now takes exception. Having elected not to challenge the contents or use of the presentence report at the time of sentencing, Cochran is foreclosed from doing so in this appeal. *Nukapigak v. State*, 576 P.2d 982, 983 (Alaska 1978), *aff'g on rehearing*, 562 P.2d 697 (Alaska 1977); *Noble v. State*, 552 P.2d 142, 148 (Alaska 1976). *See Franzen v. State*, 573 P.2d 55, 56 (Alaska 1978).[4]

■ In his attack upon the severity of the superior court's sentencing order, Cochran argues that the sanction imposed is excessive in view of his age, his past record of conviction and the nature of the offenses of which he stands convicted. Our review

of the record fails to persuade us that the superior court was clearly mistaken in imposing the sanctions that it did, except to the extent that it appears to have suspended the imposition of sentence for a period of time one year in excess of that permitted by AS 12.55.085.[5]

The court's judgment, after sentencing Cochran to a six-year term of imprisonment for forgery, with three years suspended, provided:

> [T]he imposition of sentence on [his conviction for uttering a check with insufficient funds shall] be suspended for a period of five (5) years, and the defendant is placed on probation to the Division of Corrections, Probation Parole, for a period of five (5) years. Throughout this period of probation the defendant is subject to probation supervision by the Division of Corrections, Probation-Parole, and the defendant is to remain on his good behavior. The five (5) year Suspended Imposition of Sentence is to run consecutive to the provisions for [his forgery conviction].

Read literally, this would mean that the period during which Cochran would be on probation, under a suspended imposition of sentence, would begin at the end of his six-year term of imprisonment for forgery, and run for a five-year period thereafter. Yet, there is no logical way that the court could cause that period to begin several years in the future, *i. e.*, at the end of the said six-year term. The period of suspension and probationary term had to begin when the court's order was entered. Having elected not to impose a sentence at that time, on the one count, the court necessarily suspended the imposition thereof as of that date. The question, thus, becomes what period of suspension was actually imposed.

We believe that what the judgment means is that the imposition of sentence on the charge of uttering a check with insuffi-

---

4. Rule 32(c)(2), Alaska R.Crim.P., requires that the presentence report be made available to the defendant's attorney in all cases. Appellant makes no claim that he or his attorney was denied access to the presentence report and otherwise provides no explanation for why an

objection to the hearsay statements was not made. Hence, we deem the objection to have been waived.

5. *See* note 3, *supra*.

cient funds was suspended, and Cochran placed on probation, *from the date of its entry until five years after Cochran's six-year term of imprisonment expired.* The transcript of the court's sentencing remarks clearly indicates that this was what it intended. After stating its belief that it was necessary to incarcerate Cochran to "convince him beyond question that [in the event of continued criminal conduct] he must be completely responsible for what happens," the court added:

> I expect that the sentence can be fashioned in such a way that that realization can be with him for a good long period of time, so that when he gets out, the consequences of any more of this kind of activity could be pretty well before him, and he'd know what those consequences are.

Later in the proceedings, the court said:

> I want to explain the suspended imposition of sentence because a suspended imposition of sentence means this: That at least as to that count, if you complete the period of probation, which if everything goes right *could be as much as ten years,* . . . your conviction on Count I would be expunged . . . .[6] [Emphasis added].

Thus read, the judgment suspended the imposition of sentence and placed the defendant on probation for *eleven* years. Not only did that exceed *by one year* the period of suspension that the court apparently intended, according to its sentencing remarks, but also the period of suspension authorized by AS 12.55.085.

The maximum term of imprisonment for uttering a check with insufficient funds, in violation of AS 11.20.230, is ten years. AS 11.20.240. Under AS 12.55.085(a) a court may suspend the imposition of sentence and place the defendant on probation "for a period of time, *not exceeding the maximum term of sentence which may be imposed*" for the offense. To the extent that it suspended the imposition of sentence beyond ten years, the superior court's order and judgment was, therefore, illegal.[7]

Although at first glance our holding in *Jackson* might appear to be inconsistent with our holding in this case, we believe that the two are quite consistent in that they involve different statutory provisions.

AS 12.55.080 allows the court to suspend "the imposition or execution" of all or part of its sentence and to "place the defendant on probation for a period and upon the terms and conditions as the court considers best." AS 12.55.090, among other things, states that, "The period of probation, together with any extension, shall not exceed five years." AS 12.55.090(c). The five year limitation found in AS 12.55.090(c) was enacted in 1962. It was these sections that were involved in *Jackson v. State, supra.*

In the case at bar the court did not impose sentence and then suspend the *execution* of a portion thereof, as did the court in *Jackson.* Instead, the court suspended the *imposition of any sentence.* This was done under the authority given to it by AS 12.55.085(a).

AS 12.55.085 was enacted in 1965, and established specific guidelines for suspending the imposition of criminal sentences. Subsection (a) provides in part that the court "may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed . . . and shall place the person on probation . . . during the suspension." Subsection (c) provides for the revocation of probation and imposition of sentence "at any time after the suspension of the sentence within the longest peri-

---

6. AS 12.55.085(e) provides: "Upon discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect."

7. In *Jackson v. State*, 541 P.2d 23 (Alaska 1975), where the court imposed a fifteen year sentence for burglary, then suspended the execution of fourteen years of that sentence and placed the defendant on probation for the same fourteen year period, we held that AS 12.55.080 and AS 12.55.090, read together, established a five year limitation on both the period of probation that could be required and the time within which the suspended portion of the sentence could be put into execution, in the event of a violation of the conditions of probation.

od for which the defendant might have been sentenced."

Given the clear language of AS 12.55.085, we are unable to conclude that the legislature intended the earlier enacted five year limitation found in AS 12.55.090(c) to apply where the court suspends the imposition, rather than the execution, of a sentence. Thus, we believe this case is distinguishable from *Jackson v. State, supra*.

As already noted, our review of the record fails to persuade us that the superior court was otherwise clearly mistaken in imposing the sanctions that it did. Accordingly, we affirm that judgment in all other respects. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

AFFIRMED in part, REVERSED in part. Upon remand the superior court is directed to amend its order suspending the imposition of sentence on Count I, to provide for a term of suspension not exceeding ten years.