Donald EDINGER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3926.

Supreme Court of Alaska.

Aug. 17, 1979.

Walter Share, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Barry Stern, Asst. Atty. Gen., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

This is a sentence appeal.[1] Appellant, Donald Edinger, contends that the superior court erred in considering information concerning another pending charge when it sentenced him for burglary. He further contends that the sentence he received was excessive. We find neither of these arguments persuasive and affirm the judgment of the superior court.

---

1. AS 12.55.120(a) allows a defendant to appeal his sentence upon the ground that it is excessive. In exercising our power of review under that section we are entitled to consider the sufficiency and accuracy of the information upon which the sentence is based. *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

In the early morning hours of August 31, 1977, Edinger and another individual broke into a gift shop at the Valdez Airport terminal, where they stole jewelry worth approximately $26,000. Edinger pled *nolo contendere* to an indictment charging him with burglary not in a dwelling, a felony, and was released on bail to await sentencing. When he appeared for that purpose on January 16, 1978, the court noted that he was once again in custody. When asked why, Edinger's attorney replied that his client had indicated that he had been arrested on another charge; however, counsel further stated: "I'm not aware what that is and since it's not a proper sentencing consideration for the court anyway—it's a pending charge, I'd ask that we not go into that." The assistant district attorney handling the case thereupon requested a two week continuance in order to gather information concerning the other charge.

■ The court, over timely objection by Edinger's attorney, continued the matter of sentencing to February 8, 1978. When the proceedings resumed, Monica Jenicek, one of the assistant district attorneys present, advised the court that, after a preliminary hearing, Edinger had been held to answer on a complaint charging him with the commission of an additional crime, receiving stolen property.[2] When his attorney objected to any reference to the new charge, characterizing it as a mere "police contact," the court indicated that it would not consider Edinger's involvement in the second incident unless a witness was called to explain the basis for the charge, thereby af-

fording him an opportunity to cross-examine on that subject.[3]

The state had planned to offer the testimony of the officer whose investigation led to the filing of the receiving charge. The officer, however, was not present at the hearing on February 8, due to a heavy snowfall that prevented him from travelling from his home in Valdez to Anchorage. When the court announced its ruling, as above indicated, the state moved for another continuance to enable it to present the missing witness's testimony. Edinger's attorney, John Suddock, initially objected to any such continuance but then engaged in the following exchange:

MS. JENICEK: Well, I can make an offer of proof now if you want or else we can continue this and get the officer in to tell you what the evidence is in the case.

THE COURT: I think we're going to have to continue it. I'm going to grant the state their . . . .

MR. SUDDOCK: Your Honor, I'd accept Ms. Jenicek's offer of proof. My client wants to get the thing resolved. [Rather than] to wait around for a Valdez officer to come in and say something that isn't going to be very significant I'll just let Monica say it if that's her wish.

THE COURT: All right.

Ms. Jenicek then proceeded to inform the court that while awaiting sentence on the burglary charge Edinger had unlawfully received a stolen stereo set, taken in a burglary of a Valdez drug store on December 27, 1977, and that the state had evidence that

---

**2.** AS 11.20.350(a) provides in part:

A person who buys, receives, or conceals money, goods, bank notes, or other thing which may be the subject of larceny and which has been taken, embezzled, or stolen from another person, knowing it to have been taken, embezzled, or stolen, is upon conviction punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years if the property bought, received, or concealed exceeds $250 in value . . . .

**3.** The fact that Edinger had not yet been convicted on the other charge does not necessarily mean that the court could not consider it in sentencing. In *Nukapigak v. State*, 562 P.2d

697 (Alaska 1977), *aff'd on rehearing*, 576 P.2d 982 (Alaska 1978), we said:

While we agree . . . that a bare accusation or the mere fact of an arrest is not sufficient to support a conclusion that a defendant has previously engaged in criminal conduct, we are equally convinced that the sentencing judge should be entitled to consider *verified* instances of past anti-social behavior, *even though the defendant was not convicted or even charged with the same.*
562 P.2d at 701 (emphasis in original). In a footnote we explained that by "verified" we meant "corroborated or substantiated by supporting data or information." *Id.* at 701 n.2.

Edinger knew of the stereo's stolen character at the time. These facts, if established at trial, would support a conviction for receiving stolen property in violation of AS 11.20.350,[4] a felony.

Edinger's attorney made no further objection to the court's consideration of the second offense except to urge the court "not to overemphasize the allegations in Valdez," noting that Edinger would receive a separate sentence on that charge if convicted and that as yet it was "not a proven charge."[5] The court indicated that, while "it was not going to put a great deal of weight on [Edinger's] . . . involvement," the new information had caused it to decide to impose a sentence of two years of imprisonment, with the execution of eighteen months of that sentence to be suspended, rather than ordering the imposition of sentence to be suspended, as permitted by AS 12.55.085(a).[6]

■ In light of his attorney's statement that his client preferred to proceed and that he would accept Ms. Jenicek's offer of proof, rather than have the matter continued to allow the state to present the testimony of the investigating officer, Edinger is now foreclosed from objecting to the information thus presented to the trial court. *Cochran v. State,* 586 P.2d 175, 176 (Alaska 1978); *Nukapigak v. State,* 576 P.2d 982, 983 (Alaska 1978), *aff'g on rehearing,* 562 P.2d 697 (Alaska 1977); *Noble v. State,* 552 P.2d 142, 148 (Alaska 1976). *See Franzen v. State,* 573 P.2d 55, 56 (Alaska 1978).

■ Edinger's other contention is that the sentence he received is excessive. Due to his age and lack of prior record[7] he claims that the trial court clearly erred in imposing the sentence that it did rather than entering an order suspending the imposition of sentence.[8] Our review of the record fails to persuade us that this argument has merit.[9]

The judgment of the superior court is AFFIRMED.

---

**4.** *See* note 2 *supra.*

**5.** *See* note 3 *supra.*

**6.** AS 12.55.085(a) provides:
  If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

**7.** At the time of sentencing, Edinger was 19 years of age. His only prior convictions were for misdemeanor assault and operating a motor vehicle while intoxicated.

**8.** Before it learned of Edinger's involvement in the second offense, the court intended to suspend the imposition of sentence and place him on probation, requiring him to serve a short period of incarceration as a condition of that probation. The main advantage of this alternative is that, upon successful completion of his probation and discharge by the court without imposition of sentence, the court could set aside Edinger's conviction. AS 12.55.085(e).

In passing, we note that on December 1, 1978, we announced our decision in *Boyne v. State,* 586 P.2d 1250 (Alaska 1978), wherein we held that trial courts lacked the authority to impose a term of imprisonment as a condition of probation when suspending the imposition of sentence under AS 12.55.085(a), since such a condition was not specifically authorized by statute. In the session that just ended the legislature added AS 12.55.086 to give the courts that authority. Ch. 32, § 1, SLA 1979.

**9.** In reviewing a sentence for excessiveness we will disturb the trial court's judgment only when convinced that it was clearly mistaken in imposing the sanction that it did. *McClain v. State,* 519 P.2d 811 (Alaska 1974).