Ronald JENNINGS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1189.

Court of Appeals of Alaska.

Feb. 14, 1986.

Craig J. Tillery, Asst. Public Defender, Palmer, and Dana Fabe, Public Defender, Anchorage, for appellant.

Dwayne W. McConnell, Dist. Atty., Palmer, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Ronald Jennings was convicted, based upon his plea of no contest, of the offense of promoting contraband in the first degree, AS 11.56.375(a)(3), a class C felony.[1] Jennings' offense involved possession of marijuana while he was incarcerated at the Palmer Correctional Facility. Sentencing was held before Judge Beverly Cutler on August 15, 1985. Jennings and the state stipulated that Jennings had formerly been convicted of three prior felony charges. Therefore, Jennings was subject to a presumptive sentence of three years. *See* AS 12.55.125(e)(2). The state stipulated that Jennings' offense was subject to a mitigating factor, that factor, that "the conduct constituting the offense was among the least serious conduct included in the definition of the offense," based upon the small amount of marijuana. Based on the mitigating factor, Judge Cutler reduced the three-year presumptive sentence to eighteen months. *See* AS 12.55.155(a)(1). Judge Cutler imposed this sentence consecutively to the other sentences which Jennings was serving. When she imposed the sentence consecutively, Judge Cutler stated that she was required to make the sentence consecutive by law. Judge Cutler was apparently referring to AS 12.55.025(e) which provides:

> Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. *If the defendant is imprisoned upon a previous judgment of conviction for a*

1. *Sec. 11.56.375. Promoting Contraband in the First Degree.*
   (a) A person commits the crime of promoting contraband in the first degree if the person violates AS 11.56.380 and the contraband is

   . . . . .
   (3) a controlled substance.
   (b) Promoting contraband in the first degree is a class C felony.

*crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.* [Emphasis added.]

■ Jennings argues that this statute did not limit Judge Cutler's discretion to impose his sentence consecutively. He points out that in *State v. Andrews*, 707 P.2d 900, 908 (Alaska App.1985), *petition for hearing granted*, (Alaska, December 6, 1985), we adopted an interpretation of AS 12.55.025(g) which permitted trial judges to impose concurrent sentences in most cases. Essentially we held that AS 12.55.025(g) was ambiguous concerning whether trial judges had authority to impose concurrent sentences.[2] We resolved the ambiguity by applying the policy that "[a]mbiguities in criminal statutes must be narrowly read and construed strictly against the government." *Id.* at 907. Jennings argues that his offense would fall into one of the categories set forth in AS 12.55.025(g) and that therefore the trial court had the authority to impose his sentence concurrently. We disagree.

The first part of AS 12.55.025(g) states "[i]f the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently...." Since the court had already entered judgments on Jennings' former felony convictions, and Jennings had started serving the resulting sentences before the present offenses arose, AS 12.55.025(g) does not ap-

pear to apply to Jennings' promoting contraband.[3] Furthermore, the second sentence of AS 12.55.025(e) is clear that where "the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment." Our ruling in *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981) appears to be appropriate here:

[The defendant] invokes the ancient and oft-repeated rule of statutory construction that penal statutes are to be strictly construed. C. Sands, Sutherland Statutory Construction § 59.03, at 6–7 (4th ed.1974). This general rule, however, is not an absolute. Strict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." *Id.* at § 59.06, at 18–19. The intent of the legislature must govern and the policies and purposes of the statute should not be defeated.

We conclude that the legislature was sufficiently clear in its intent to require trial judges to impose consecutive sentences on those people who were convicted for crimes which were committed after they had been imprisoned on a former offense. We therefore conclude that Judge Cutler did not err

**2.** Alaska Statute 12.55.025(g) provides:

If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.900.

**3.** In *Wells v. State*, 706 P.2d 711, 715 (Alaska App.1985), we held that AS 12.55.025(e) did not require the court to impose a consecutive sentence where the judgment of conviction on a former offense had not been entered before the current offense had been committed. *See also Joseph v. State*, 712 P.2d 904 (Alaska App.1986) (since court was under no legal requirement to revoke probation, court was not required to revoke probation and impose sentence on the probation revocation consecutively to another sentence.)

in imposing Jennings' sentence consecutively to his other sentences.

██ Jennings also argues that the sentence which Judge Cutler imposed was excessive. At the time of sentencing Jennings was twenty-seven years old and was serving three years for criminal mischief in the third degree, two years with one suspended for burglary, and four years with all four suspended on another burglary charge. His projected release date, before his present conviction, was July 10, 1986. In sentencing Jennings, Judge Cutler considered the fact that his offense involved only a small amount of marijuana. However, she also noted Jennings' record of prior offenses and his poor institutional record which consisted of numerous incidents of violations of institutional rules. We believe that the factors which Judge Cutler considered support the sentence which she imposed on Jennings. We do not find that the sentence is clearly mistaken.

AFFIRMED.