**Carl A. SANDERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1291.**

Court of Appeals of Alaska.

May 2, 1986.

Rehearing Denied May 22, 1986.

. Barbara Brink, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

 Carl A. Sanders was sentenced on April 27, 1984, on four counts of misconduct involving a controlled substance in the third degree, AS 11.71.030(a)(1). Sanders had formerly been convicted of a felony, consequently, as a second felony offender convicted of a class B felony he was subject to a presumptive sentence of four years. AS 12.55.125(d)(1). Judge J. Justin Ripley sentenced Sanders to the four-year presumptive term on one count and sus-

pended imposition of sentence on the three other counts.[1]

Sanders' prior conviction was in 1978, for the sale of Hallucinogenic, Depressant, and Stimulant drugs. His sentence was seven years with two years suspended on this offense. After serving part of his sentence, Sanders was paroled; he was still on parole when he was sentenced for his current offense. The presentence report, which was prepared for the sentencing for his current offenses, indicated that Sanders' parole officer intended to file a petition for revocation of Sanders' parole based upon the current charges.

Three days after Sanders was sentenced for his current offense, Sanders' parole on the 1978 offense was revoked. Sanders moved to have his sentence for his current offense modified so that he would serve the time concurrently with the time reimposed due to the parole revocation. Judge Ripley denied Sanders' motion.

Sanders now appeals to this court arguing that Judge Ripley was mistaken in his belief that Sanders' current sentence must be consecutive to the time reimposed under the parole revocation. We affirm Sanders' sentence and hold that under AS 12.55.-025(e) Sanders' current sentence had to run consecutively to his prior sentence.

■ Alaska Statute 12.55.025(e) provides:

> (e) Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.

Our recent decision in *Jennings v. State,* 713 P.2d 1222, (Alaska App.1986) held that under AS 12.55.025(e) trial judges are re-

quired to impose consecutive sentences on individuals convicted for crimes which were committed after they had been imprisoned on a former offense. 713 P.2d at 1223. Thus, under *Jennings,* since Sanders' current offense was committed after his imprisonment on the 1978 offense, his sentence was required to be consecutive to any sentence remaining on the 1978 offense. We believe that the plain meaning of AS 12.55.025(e) supports this result.

AFFIRMED.

---

1. Judge Ripley made the suspended imposition of sentence consecutive to the four-year presumptive term. This portion of the sentence is illegal. A suspended imposition of sentence must begin to run at the time the court's order

is entered. *Cochran v. State,* 586 P.2d 175, 176 (Alaska 1978). Sanders has not raised this issue on appeal. However, this issue should be brought to the attention of the trial court under Alaska Rule of Criminal Procedure 35.