**Jerry M. WILSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6102.**

Court of Appeals of Alaska.

Sept. 12, 1997.

S. Joe Montague, Assistant Public Defender, Kenai, John B. Salemi, Public Defender, Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., ANDREWS, Superior Court Judge,* and JOANNIDES, District Court Judge.*

### OPINION

COATS, Chief Judge.

Over a several year period, Jerry M. Wilson was convicted of several misdemeanor offenses and assault in the third degree, a class C felony. Wilson was originally sentenced to five years' imprisonment with three years suspended on the assault conviction, but refused parole, and was ultimately sentenced to serve five years of imprisonment. In a post-conviction relief action Wilson challenged the Department of Corrections' calculations of awards of good time. Superior Court Judge Jonathan H. Link granted the state's motion to dismiss the post-conviction relief claim. Wilson now appeals to this court. We affirm.

Wilson first contends that the Department of Corrections erred in aggregating both his misdemeanor and felony sentences to determine good time. Wilson contends that his misdemeanor sentences should not have been aggregated to determine good time. He argues that since the Department of Corrections erroneously placed him on mandatory parole by counting his misdemeanor convictions, he was required to serve extra time in prison when the parole board revoked his parole and required him to serve his accrued good time.

The statutes governing mandatory parole provide, in relevant part:

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

**Sec. 33.16.010. Parole.** (a) A prisoner who is serving a term or terms of two years or more is eligible for mandatory parole.

. . . .

(c) A prisoner who is not eligible for discretionary parole, or who is not released on discretionary parole, shall be released on mandatory parole for the term of good time deductions credited under AS 33.20, if the term or terms of imprisonment are two years or more.

**33.16.900(8)** "mandatory parole" means the release of a prisoner who was sentenced to one or more terms of imprisonment of two years or more, for the period of good time credited under AS 33.20, subject to conditions imposed by the board and subject to its custody and jurisdiction[.]

Pursuant to AS 33.20,[1] which governs remission of sentences, inmates with sentences of more than three days receive statutory good time credits towards early release in the amount of one-third off of their sentences.[2] Thus, prisoners are released when they have served their sentences minus good time credits. The question of whether they are released and placed on mandatory parole, or released unconditionally, is determined by the length of their "term or terms" of imprisonment. Under AS 33.20.040(a), an inmate whose "term or terms" of imprisonment exceeds two years is placed on mandatory parole. On the other hand, an inmate whose "term or terms" of imprisonment is less than or equal to two years is not subject to mandatory parole, but is released unconditionally (although he or she is still subject to probation, if probation is imposed). This brings us to the critical inquiry in the instant case: whether a prisoner's "term or terms" of imprisonment should be aggregated to determine whether the total length of imprisonment exceeds two years, or instead, whether an inmate should be placed on mandatory parole only for each separate "term" of imprisonment that exceeds two years.

The starting point in construing any statute is the language of the statute itself. *Helton v. State*, 778 P.2d 1156, 1158 (Alaska App.1989). It seems that the legislature's use of the phrases "term or terms of imprisonment [of] two years or more" in AS 33.20.040, and "one or more terms of imprisonment of two years or more" in AS 33.16.900(8), indicates that a prisoner's terms of imprisonment are to be aggregated under the statute. Otherwise, it seems that the legislature would have employed the phrase "term of imprisonment."

A review of AS 33.16, which governs parole administration, reveals that nothing in the express language of the parole administration statutes prohibits the Department of Corrections from placing a person convicted of a misdemeanor on mandatory parole. Further, the statute makes no distinction between prisoners convicted of misdemeanors versus felonies. Instead, the statute appears to focus on the total length of the inmate's sentences to determine whether the inmate is subject to mandatory parole.

---

1. The relevant sections provide:

   **Sec. 33.20.010. Computation of good time.** (a) Notwithstanding AS 12.55.125(f)(3) and AS 12.55.125(g)(3), a prisoner convicted of an offense against the state or a political subdivision of the state and sentenced to a term of imprisonment that exceeds three days is entitled to a deduction of one-third of the term of imprisonment rounded off to the nearest day if the prisoner follows the rules of the correctional facility in which the prisoner is confined[.]
   **Sec. 33.20.030. Discharge.** A prisoner shall be released at the expiration of the term of sentence less the time deducted for good conduct. A certificate of deduction shall be entered on the commitment by the warden, keeper, or the commissioner.
   **Sec. 33.20.040. Released Prisoner.** (a) Except as provided in (c) of this section, a prisoner released under AS 33.20.030 shall be released on mandatory parole to the custody and jurisdiction of the parole board under AS 33.16, until the expiration of the maximum term to which the prisoner was sentenced, if the term or terms of imprisonment are two years or more. However, a prisoner released on mandatory parole may be discharged under AS 33.16.210 before the expiration of the term. A prisoner who was sentenced to a term or terms of imprisonment of less than two years shall be unconditionally discharged from mandatory parole.

2. Subsections (1) and (2) of AS 33.20.010(a) provide two exceptions to this general rule; neither is applicable to this case.

Moreover, a review of the sentencing statutes, AS 12.55, reveals that nothing in the language of those statutes prohibits persons convicted of misdemeanors from being placed on parole. To the contrary, AS 12.55.135, which governs misdemeanor sentencing, contemplates the situation where a prisoner convicted of a misdemeanor might be placed on parole:

(e) If a defendant is sentenced under (c) or (d) of this section,

(1) execution of sentence may not be suspended and probation or parole may not be granted until the minimum term of imprisonment has been served[.]

Wilson recognizes that Alaska's good time and mandatory parole statutes are based on former federal statutes. *See Morton v. Hammond*, 604 P.2d 1, 2 (Alaska 1979). He also recognizes that federal cases which interpret the former federal statutes hold that consecutive sentences are to be aggregated to determine a person's mandatory parole release date. However, he argues that we should distinguish the federal cases because under the former federal system a prisoner who had a longer sentence would accrue good time at a more favorable rate. Therefore the federal cases, applying the rule of lenity, were favorable to prisoners. However, we do not believe that this is a valid reason to distinguish the federal authority. We fail to see that there is any reason to distinguish between a person who receives a five-year sentence on a felony offense and a prisoner who receives a sentence of four years on a felony offense and a consecutive one-year sentence on a misdemeanor. The plain language of the statute and the statutory history support treating these prisoners the same. This seems to be sound policy.

In a cursory two-sentence argument, Wilson argues that the Department of Corrections erred in refusing to give him credit for good time which he had previously served on a parole revocation. Wilson has failed to show that the Department of Corrections did not give him full credit for good time which he earned.

AFFIRMED.