*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| NORMAN S., | ) | Supreme Court No. S-17396 |
| | ) | |
| Appellant, | ) | Superior Court No. 4FA-17-00173 CN |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STATE OF ALASKA, | ) | No. 7429 – March 13, 2020 |
| DEPARTMENT OF HEALTH & | ) | |
| SOCIAL SERVICES, OFFICE OF | ) | |
| CHILDREN'S SERVICES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Thomas I. Temple, Judge.

Appearances: J. Adam Bartlett, Anchorage, for Appellant. Mary Ann Lundquist, Senior Assistant Attorney General, Fairbanks, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee. Nikole V. Schick, Assistant Public Advocate, and James Stinson, Public Advocate, Anchorage, for Guardian Ad Litem.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

STOWERS, Justice.

## I. INTRODUCTION

A father appeals the superior court's decision to terminate his parental rights to his daughter. The father attended the termination proceeding but left early, at

which point the Office of Children's Services (OCS) moved forward with an offer of proof. The father's attorney objected to the offer of proof, but the court accepted the offer and terminated the father's parental rights. The father now challenges the termination proceeding's procedure and outcome. He argues that OCS's use of an offer of proof violated his right to procedural due process and constituted structural error. He also argues that the court erred in terminating his parental rights because there was not sufficient evidence. We agree that a court may not accept such an offer as proof of the facts asserted, unless the opposing party offers no dispute. Therefore, we vacate the termination order and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

Norman S. and Rebecca N. are the parents of Heather.[1] Heather was born in July 2017 with serious birth defects. Norman and Rebecca struggled with severe substance abuse problems, including the use of methamphetamine. OCS received a report on the day of Heather's birth indicating concerns about the baby. She was removed from her parents by OCS on the day she was discharged from the hospital in September. Heather was adjudicated a child in need of aid under AS 47.10.011(1) (abandonment), (9) (neglect), and (10) (substance abuse) in March 2018.

OCS filed a petition for termination of parental rights in July, and the termination proceeding was held the following February. The proceeding began on February 4 at 8:38 a.m. Norman attended and his attorney asked for a moment to speak with him. The court went off record, attended to some other matters, then went back on record. OCS's attorney said that he was ready to begin trial and that his witnesses would arrive at 10:00 a.m. Norman's attorney indicated that Norman wanted a trial but requested setting it for the following week because they had not "had a meaningful opportunity to talk about what kind of witnesses he'd like to call." OCS's attorney did

---

[1]    We use pseudonyms to protect the family's privacy.

not want to reschedule. The court then decided to address Norman's request for a continuance when the proceeding resumed at 10:00 a.m.

The court went back on record at 10:00 a.m. Norman was no longer in attendance. OCS's attorney said, "We are ready to proceed [with] an offer of proof as to him if he does not show back up in the next couple seconds." The court again asked the father's attorney if she was prepared to proceed. She asked for a continuance, which the court denied. The court then asked, "Anyone else wish to be heard before we proceed with an offer of proof?" No one responded, and OCS's attorney proceeded with his offer of proof. After the offer of proof, the court asked Norman's attorney if she would like to be "heard any further," to which she responded, "No. Thank you." The guardian ad litem "support[ed] the court entering termination of [Norman's] rights based on the offer of proof." Norman's attorney requested that the findings be held in abeyance until the court made a decision on Rebecca's rights, as is typical in termination proceedings. The court agreed, and it went off record until the mother's proceeding. At that point, neither Norman nor his attorney were present. OCS's attorney indicated that Rebecca had agreed to relinquish her rights and would sign the termination agreement that day. The court kept the matter on for 10:00 a.m. the following day "with the understanding [it] may be just making some findings on an agreement to relinquish. And if not, then the parties are prepared to proceed to trial tomorrow."

The proceeding resumed the next day. Rebecca had filed her relinquishment of parental rights and responsibilities, which the court approved. The court then asked Norman's attorney if she wanted to address anything else. She responded,

> I want to place on the record . . . concerns that I have regarding my client, and I think they amount to objections, essentially, regarding the entry of the offer of proof.

My client did appear at the scheduled time at 8:30 for his termination trial. Everybody agrees that he was present for the initial hearing that we held. . . . [O]ne concern that I do have is that this entry of an offer of proof is being taken, even though my client did appear on the day of trial. So . . . I suspect that there [is] at least an issue of the court entering an offer of proof when my client did appear the same day for a termination of parental rights trial, which he indicated he did want to take advantage of.

The court determined that the fact that Norman left "is no different than folks showing up for a trial, staying one minute, and just disappearing because they no longer want to have a trial." The court reasoned, "He simply left, and we proceeded with an offer of proof based on his failure to appear for his own trial. So those are the findings I'll make for the record, but your position is noted." The proceeding then concluded.

On February 19 the court issued its order terminating Norman's parental rights. It found by clear and convincing evidence that Heather was a child in need of aid under the same subsections found for adjudication based on Norman's conduct; Norman had not remedied the conduct or conditions that put Heather at a substantial risk of harm; and OCS made reasonable and active efforts to provide remedial services and rehabilitative programs but was unsuccessful. The court also found that "[b]ased on the offer of proof, the previous reports and pleadings in this case, and the previously received sworn testimony, there is proof beyond a reasonable doubt that return of [Heather] to the father's custody is likely to result in serious emotional and/or physical damage to [Heather]." It finally found by a preponderance of the evidence that termination of Norman's parental rights was in Heather's best interests. Therefore, all of Norman's parental rights were "permanently and irrevocably terminated."

Norman now appeals.

## III. STANDARD OF REVIEW

Whether a superior court may accept an offer of proof when a party objects is a question of law. "We review legal questions de novo, 'adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy.' "[2]

## IV. DISCUSSION

### A. Norman Did Not Waive His Arguments Against The Offer Of Proof.

OCS argues that Norman waived his arguments regarding the offer of proof. We have held: "Failure to object to alleged error at the trial level may preclude raising the point on appeal. By consenting to certain procedures or by failing to object to others, a party may waive those rights which are arguably encompassed within due process guarantees."[3]

When the court asked if anyone wished to be heard before proceeding with the offer of proof, Norman's attorney did not reply. After the offer of proof, the court asked Norman's attorney if she wished to be heard any further, to which she responded, "No. Thank you." The following day, the court asked Norman's attorney whether there was anything more to address. She responded that she "want[ed] to place on the record . . . objections, essentially, regarding the entry of the offer of proof." She thought it was

---

[2]     *Pastos v. State*, 194 P.3d 387, 391 (Alaska 2008) (alteration in original) (footnote omitted) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[3]     *In re C.L.T.*, 597 P.2d 518, 522 (Alaska 1979) (citation omitted). There are two exceptions to this rule. First, we "will consider plain error, even though not objected to below, if it is so substantial as to result in a miscarriage of justice." *Id.* at 523. Second, "an argument not explicitly raised by an appellant below may nevertheless be considered on appeal 'if the issue is (1) not dependent on any new or controverted facts; (2) closely related to the appellant's trial court arguments; and (3) could have been gleaned from the pleadings.' " *Radebaugh v. State, Dep't of Health & Soc. Servs., Div. of Senior & Disabilities Servs.*, 397 P.3d 285, 292 (Alaska 2017) (quoting *Erkins v. Alaska Tr., LLC*, 265 P.3d 292, 298 n.15 (Alaska 2011)).

"an issue" that the court entered an offer of proof when Norman "did appear the same day for a termination of parental rights trial, which he indicated he did want to take advantage of."

OCS argues that "Norman did not object to the offer of proof as an improper procedure." However, Norman's attorney clearly raised "objections, essentially, regarding the entry of the offer of proof" before the end of the hearing. Therefore, Norman's arguments regarding the offer of proof are not waived.

## B.     It Was Error As A Matter Of Law To Accept An Offer Of Proof Without The Agreement Of All Parties.

The superior court accepted OCS's offer of proof as to Norman despite an objection by Norman's attorney. This was error as a matter of law. We now make explicit what was implicit in earlier decisions: a court may accept an offer of proof only if all present parties agree.[4] If any party disputes the offer of proof, then there must be

---

[4]     *See, e.g., Dakota C. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-17230, 2019 WL 4051950, at *2 (Alaska Aug. 28, 2019) ("unopposed offer of proof"); *Emily B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-17180, 2019 WL 2880993, at *2 (Alaska July 3, 2019) (attorney agreed to offer of proof); *Alfred J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-17120, 2019 WL 1503992, at *2 (Alaska Apr. 3, 2019) (father stipulated to offer of proof); *Payton S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 349 P.3d 162, 165 (Alaska 2015) (no indication of objection to offer of proof); *Jordan J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-15631, 2015 WL 1985060, at *1 n.4 (Alaska Apr. 29, 2015) ("unopposed offer of proof"); *Lindsey H. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, No. S-13711, 2010 WL 4909461, at *7 (Alaska Dec. 2, 2010) (no indication of objection to offer of proof); *Lamar F. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, No. S-11092, 2019 WL 68019, at *3 (Alaska Jan. 14, 2004) (offer of proof accepted by counsel); *E.H. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 23 P.3d 1186, 1187 (Alaska 2001) (no indication of objection to offer of proof); *In re Inquiry Concerning a Judge*, 788 P.2d 716, 721 (Alaska 1990) (parties stipulated to offer of proof); *Edinger v. State*, 598 P.2d 943, 944-

(continued...)

a trial on the disputed issues. Norman's attorney was present and did not accept the offer of proof. She wanted to move forward with a trial. It was therefore error to allow the State to proceed with an offer of proof and to terminate Norman's parental rights on those grounds. We vacate the termination order and remand for further proceedings.

Because we vacate the termination order on these grounds, we need not address Norman's other arguments.

## V.     CONCLUSION

Because it was improper for the court to accept the offer of proof given the objection by Norman's attorney, we VACATE the superior court's termination order and REMAND for further proceedings.

---

**4**     (...continued)
45 (Alaska 1979) (attorney accepted offer of proof); *cf.* 1 JONES ON EVIDENCE § 1:3 (7th ed. 2019) (parties must agree to stipulation as substitute for evidence); 1 MCCORMICK ON EVID. § 2 (8th ed. 2020) (same).